[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 147
Honorable R. Wendell Bailey State Representative, District 152 312 East Fourth Street Willow Springs, Missouri 65793
Dear Representative Bailey:
This letter is in answer to your opinion request in which you ask:
 "A. Does the state library board have the authority under the statutes and the Constitution to deny request for state aid to libraries on a per capita basis section 181.060 because the city is less than 5,000 population.
 "B. Does the state library board have the authority to deny a city request for state aid to libraries on a per capita basis because the city library was legally formed after January 1, 1947."
You also state that:
 "The City of Willow Springs, Willow Springs Public Library a 4th class city with a legal library established by ordinance # 209 on March 9, 1948 request for state aid to libraries has been denied by the state library board."
It is our understanding that the City of Willow Springs has a population of less than 5,000.
There is no doubt that under the facts you have given us the city library, to which you refer, is a legally established free public library and has authority to levy a library tax under the provisions of Sections 182.145 and 182.140, RSMo. See our Opinion No. 72 dated February 4, 1958, to Mr. Price, copy enclosed.
The next question which confronts us is the interpretation of Section 181.060, RSMo.
Section 181.060 provides in full:
 "1. The general assembly may appropriate moneys for state aid to public libraries, which moneys shall be administered by the state librarian, under rules and regulations of the state library commission.
 "2. At least fifty percent of the moneys appropriated for state aid to public libraries shall be apportioned to all public libraries established and maintained under the provisions of the library laws or other laws of the state relating to libraries. The allocation of the moneys shall be based on an equal per capita rate for the population of each city, village, town, township, school district, county or regional library district in which any library is or may be established, in proportion to the population according to the latest federal census of the cities, villages, towns, townships, school district, county or regional library districts maintaining tax supported public libraries. No grant shall be made to any public library if the rate of tax levied or the appropriation for the library should be decreased below the rate in force on December 31, 1946, or on the date of its establishment. Grants shall be made to any public library if a public library tax of at least one mill has been voted in accordance with sections 182.010 to 182.460, RSMo, or as authorized in section 137.030, RSMo, and is duly assessed and levied for the year preceding that in which the grant is made, or if the appropriation for the public library in any city of first class yields one dollar or more per capita for the previous year according to the population of the latest federal census.
 "3. The librarian of the tax supported library together with the treasurer of the library shall certify to the state librarian the annual tax income and rate of tax or the appropriation of the library on the date of the enactment of this law, and of the current year, and each year thereafter, and the state librarian shall certify to the comptroller for his approval the amount to be paid to each library and warrants shall be issued for the amount allocated and approved.
 "4. The balance of the moneys shall be administered and supervised by the state librarian to provide establishment grants on a population basis to newly established county or regional libraries and equalization grants on a population basis to county or regional libraries in all districts in which a one mill or more tax does not yield a dollar per capita to the libraries. A public library established by law after January 1, 1947, shall receive grants-in-aid only if serving five thousand or more population or if it was serving five thousand or more population at the time of establishment. Newly established libraries and libraries in which a one mill tax does not yield a dollar per capita shall certify through the legally established board and the librarian of the library to the state librarian the fact of establishment, the rate of tax, the assessed valuation of the library district and the annual tax yield of the library. The state librarian shall then certify to the comptroller for his approval the amount of establishment grant or equalization grant to be paid to the libraries and warrants shall be issued for the amount allocated and approved. The sum appropriated for state aid to public libraries shall be separate and apart from any and all appropriations made to the state library."
As can be seen from the provisions above quoted, the General Assembly has the authority to appropriate moneys for state aid to public libraries which moneys are to be administered by the state librarian. Under Section 2 of such section at least fifty percent of the moneys appropriated for state aid to public libraries are to be apportioned to all public libraries established and maintained under the provisions of the library laws or other laws of the state relating to libraries. The allocation of the moneys is to be based on an equal per capita rate for the population of each city and other libraries under the conditions provided therein.
Subsection 4 of Section 181.060 provides that the balance of the moneys shall be administered and supervised by the state librarian to provide establishment grants on a population basis to newly established county or regional libraries and equalization grants on a population basis to county or regional libraries in all districts in which a one mill or more tax does not yield a dollar per capita to the libraries. That section further provides that a public library established by law after January 1, 1947, shall receive grants-in-aid only if serving five thousand or more population or if it was serving five thousand or more population at the time of establishment.
The argument has been made that Section 181.060 provides for two separate types of grants. The first type of grant being the fifty percent which is appropriated for state aid to public libraries under subsection 2 and the second type being the balance of the moneys administered pursuant to subsection 4 to county or regional libraries. The argument is further made that the provision of subsection 4 prohibiting a public library established by law after January 1, 1947, from receiving grants-in-aid if it does not serve five thousand or more population or if it was not serving five thousand or more population at the time of establishment refers only to the moneys distributed pursuant to subsection 4. We note, however, that this section originates from the Laws of 1945, pp. 1132 et seq., Section 14736a. That section originally did not contain any subsections and contained the language which is similar to that now provided in Section 181.060. We note that the original prohibition with respect to libraries serving less than five thousand or more population was stated in the 1945 Laws as follows:
 ". . . The balance of said moneys shall be administered and supervised by the State Librarian to provide establishment grants on a population basis to newly established county or regional libraries and equalization grants on a population basis to county or regional libraries in all districts in which a one-mill or more tax does not yield a dollar per capita to said libraries, and provided further that only a library in a municipality, city, county, region, school district or other library district serving 5,000 or more population established by law after January 1, 1947, shall receive grants in aid. . . ."
Obviously, the original prohibition ran to all municipal, city, county, region, school district, or other library districts. It was not confined to the provision respecting establishment grants and equalization grants to county and regional libraries which immediately preceded the prohibition.
The question then, as we view it, is whether or not the present language prohibiting public libraries which are established by law after January 1, 1947, from receiving grants-in-aid unless they serve five thousand or more population or unless they were serving five thousand or more population at the time of establishment is a flat prohibition on all grants-in-aid or pertains only to subsection 4 relative to regional and county libraries.
In reading the language of the section as a whole and in its historical context, we arrive at the conclusion that the prohibition was intended to apply to all public libraries as stated verbatim in such provision and not merely to county or regional libraries. It could only apply to all public libraries if it included those libraries coming within the provisions of subsection 2 of Section 181.060.
There is an additional question as to whether or not the legislature by amendments to Section 181.060 made subsequent to the enactment of the original laws intended to change the meaning of the prohibition. In that respect we note that in our Opinion No. 72 dated April 26, 1954, to Mr. Price, this office concluded that with respect to such prohibition:
 "This proviso means that no grants in aid — operation, establishment or equalization — shall be paid to any library district established after January 1, 1947, and serving a population of less than 5,000. But those established before January 1, 1947, regardless of population served, if they currently meet the other eligibility requirements, are entitled to grants in aid. . . ."
We note that the proviso quoted in the 1954 opinion was amended by the legislature in 1959 to read as quoted above in subsection 4. Such amendment has no affect upon the result reached as far as your question is concerned.
It is notable, however, that the interpretation of the section given by this office in the 1954 opinion has been followed by the state librarian and presumably the legislature was aware of the administrative practice and the administrative interpretation of the proviso. It is our view that if the legislature had desired to require a change in the existing administrative interpretation it could have amended the law to clearly require an interpretation which would limit the proviso in question to subsection 4 and require an interpretation in favor of the request for the grant-in-aid to the Willow Springs Public Library.
We are, therefore, of the view that the proviso presently contained in subsection 4 of Section 181.060 is applicable to libraries coming under subsection 2 of such section and that the current administrative practice in prohibiting grants to libraries which do not meet the requirements of such proviso is proper.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 72 2-4-58, Price